UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH KINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-1385 |
| | ) |
| RANDY PFISTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se was granted leave to proceed in forma pauperis in this civil case. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The alleged incidents occurred in late 2012 and early 2013 in Pontiac Correctional Center. On December 1, 2012, the plaintiff accidentally tripped into Officer Blackard, an action which was interpreted by other officers as an assault on Officer Blackard. The plaintiff was stripped naked and left naked in a cold cell with no property overnight, and then received only a dirty mattress and one jumpsuit for 11 days. On January 8, 2013, the alleged retaliation for the plaintiff's perceived assault against Officer Blackard continued: the plaintiff received a false disciplinary ticket for sexual misconduct, he was maced and beaten even though compliant, and he was put in a cell without running water. He had to try to rinse the mace from his eyes with toilet water. The disciplinary committee did not have a minority member, which the plaintiff believes was required. Whether the plaintiff lost good time on the alleged false disciplinary report is unclear.

The plaintiff states the following Eighth Amendment claims: 1) inhumane conditions of confinement; 2) excessive force; 3) failure to intervene to stop the excessive force; and, 4) deliberate indifference to the plaintiff's need to rinse the mace from his skin and eyes. The plaintiff may also state supplemental state law claims of assault, battery, and intentional infliction of emotional distress. The claims identified in this paragraph are stated against the following defendants: Major Blackard, Lieutenant

Scrogum, and Officers McBride, Lovrant, Tangman, Price, Newhall, Dalton, Henderson, and John Does.  The plaintiff will need to timely identify the John Does for service.  The defendants Warden Pfister, Assistant Warden Marvin Reed, Lieutenant Hamilton (disciplinary committee), or Adrian Corley (disciplinary committee) were not personally involved in these incidents and therefore cannot be liable for them.

The plaintiff states no procedural due process claim based on the alleged failure to have a minority sit on the disciplinary committee--there is no such constitutional right.  Procedural due process requires an impartial decisionmaker.  That the committee does not have a minority member does not, by itself, make the committee partial.  There is also see no claim for the alleged failure to provide a hearing before the plaintiff's property was taken from him pending the disciplinary hearing.

**IT IS THEREFORE ORDERED:**

1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states the following Eighth Amendment claims:  1) inhumane conditions of confinement; 2) excessive force; 3) failure to intervene to stop the excessive force; and, 4) deliberate indifference to the plaintiff's need to rinse the mace from his skin and eyes.  The plaintiff may also state supplemental state law claims of assault, battery, and intentional infliction of emotional distress.  The claims identified in this paragraph are stated against the following defendants:  Major Blackard, Lieutenant Scrogum, and Officers McBride, Lovrant, Tangman, Price, Newhall, Dalton, Henderson, and John Does.

2.  All other claims and defendants are dismissed.

3.  This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4.  The Court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5.  With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall

provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to terminate the following defendants: Warden Pfister, Assistant Warden Marvin Reed, Lieutenant Hamilton, and Adrian Corley (disciplinary committee)

13. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

Entered this 30th day of December, 2014.

s/Harold A. Baker  
HAROLD A. BAKER  
UNITED STATES DISTRICT JUDGE